Commonwealth *v.* Lacy et al., Appellants.

*Lester L. Dolfman,* for Lacy, appellant.

*Stephen P. Gallagher,* with him *Gallagher and Kelley,* for Holt, appellant.

*Rudolph S. Pallastrone,* for Brown, appellant.

*James T. Ranney,* Assistant District Attorney, with him *Milton M. Stein,* Assistant District Attorney, and

*Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., June 14, 1973:

This appeal raises the question of whether or not the Commonwealth presented sufficient evidence to convict the appellants of assault and battery, aggravated assault and battery, and assault with intent to kill.

On March 9, 1972 at 9:20 p.m., William Rose and his cousin Nathaniel Rose left a state liquor store and began walking towards 23rd and Catherine Streets in Philadelphia. When they reached that intersection, they saw four young men, among them Leon Holt, Keith Lacy, and Erik Brown. The fourth individual was a minor. These four began to follow the Roses at a fast pace. The four overtook the Roses at 23rd and Carpenter Streets; then, the three appellants surrounded them. The juvenile then came up behind Nathaniel Rose and stabbed him as he yelled, "You're going to die bastard." Appellant Lacy then remarked that they would get Nathaniel Rose next. Appellants were charged with assault and battery, aggravated assault and battery, and assault with intent to kill on one bill. This evidence was presented at trial and the trial judge found that the appellants were responsible for the stabbing because they acted in concert.

"The rule is well established that, in passing upon the sufficiency of the evidence to sustain a criminal conviction, the evidence must be read in a light most favorable to the Commonwealth, and it is entitled to the benefit of all reasonable inferences arising therefrom." *Commonwealth v. Johnston,* 438 Pa. 485, 488, 263 A. 2d 376 (1970).

After reviewing the evidence presented by the Commonwealth and studying the elements constituting the

crimes involved, this Court finds that there was sufficient evidence to convict the appellants.

We also have considered the evidentiary question raised by appellant Lacy and find that it has no merit.

The judgment of the lower court is affirmed.